DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, Juvenile Division, that found appellant Deangelo M. a delinquent child for attempting to commit assault in violation of R.C.2903.13(A). It has come to this court's attention that the order from which this appeal is taken is not final and appealable because it does not comply with Juv.R. 40(E)(1).
 {¶ 2} Concerning decisions in referred matters, Juv.R. 40(E)(1) states:
 {¶ 3} "(1) Magistrate's decision. The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall then prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all parties or their attorneys." [Emphasis added.]
 {¶ 4} The judgment entry from which this appeal is taken was filed December 22, 2004, following appellant's dispositional hearing. The record clearly reflects that this matter was referred to a magistrate and that a magistrate conducted the dispositional hearing. Therefore, the magistrate was required by Juv.R. 40(E)(1) to prepare, sign and file a decision as to the referred matter. In this case, the details of appellant's disposition are reflected on a form captioned "Judgment Entry" and signed by the juvenile court judge, not the magistrate. There is nomagistrate's decision concerning disposition. We therefore find that the December 22, 2004 "Judgment Entry" does not satisfy the requirements of the juvenile rules and, accordingly, there is no final order from which an appeal may be taken.
 {¶ 5} In the interest of fully addressing the matter of compliance with the juvenile rules, we also are compelled to note deficiencies with the other two judgment entries in this case. The first judgment entry indicates relevant details as to the arraignment proceeding on November 17, 2004. That proceeding appears to have been a detention hearing pursuant to Juv.R. 7(F). Juv.R. 40(C)(3)(a)(iii) authorizes magistrates to enter pretrial orders following detention hearings. Further, Juv.R. 40(C)(3)(e) states that "[a]ll orders of a magistrate shall be in writing, signed by the magistrate [and] identified as a magistrate'sorder in the caption * * *." Although signed by the magistrate, the entry is identified as a "Judgment Entry," not a magistrate's order as required by the juvenile rules.
 {¶ 6} We next look at the entry filed December 8, 2004, following appellant's adjudication. Like the other two entries, it is made on the Erie County Juvenile Court form captioned "Judgment Entry." The record reflects that the adjudication hearing was conducted by a magistrate. Pursuant to Juv.R. 40(E)(1), the magistrate was required to prepare, sign and file a magistrate's decision of the matter. This was not done. Also, the judgment entry as to the adjudication hearing is signed by the judge, not the magistrate who conducted the hearing. This court acknowledges that the substance of the magistrate's decision is clear from the transcript of the adjudication hearing, as the magistrate announced his decision on the record at that time. However, the record does not contain a written magistrate's decision as required by the juvenile rules.
 {¶ 7} Upon consideration of the foregoing, we find that the document titled "Judgment Entry," journalized December 22, 2004, from which appellant appeals does not comply with Juv.R. 40(E)(1). Therefore, there is no judgment from which an appeal may be taken. This appeal is ordered dismissed.
 {¶ 8} Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against him and for which execution is awarded. See App.R. 24.
Appeal dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J. concur.